IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT BOGGS | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorney, and for his Complaint states as follows:

### INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff Boggs by the Department of Veterans Affairs at the Louis Stokes Cleveland Veterans Affairs Medical Center.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff Boggs has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1*.

4. This suit has been timely filed, in that Plaintiff Boggs timely served notice of his claim on both the Department of Veterans Affairs and the United States Department of Justice

less than two years after the incident forming the basis of this suit, to wit, the discovery of his cancer diagnosis on or about April 4, 2018.

5. Plaintiff Boggs is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the Department of Veterans Affairs' July 24, 2020 notice of final denial of administrative claim, noticing Plaintiff Boggs of his right to "file suit directly". *Administrative Tort Claim Denial Letter attached as Exhibit 2.*

6. In accordance with the Sixth Circuit's decision in *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019), Ohio Rule of Civil Procedure 10(D)(2) does not apply to this matter, and therefore, Plaintiff is not required to attach an affidavit of merit to this Complaint.

**PARTIES**

7. Plaintiff Boggs is and was, at all times relevant hereto, a resident of the State of Ohio.

8. Defendant United States of America, through its agency the Department of Veterans Affairs, operates the Veterans Affairs Medical Center Located at 10701 East Boulevard, Cleveland, Ohio, otherwise known as the Louis Stokes Cleveland VA Medical Center.

9. Defendant United States of America, including the directors, officers, operators, administrators, employees, agents, and staff at the Louis Stokes Cleveland VA Medical Center are hereinafter collectively referred to as "Louis Stokes Cleveland VA Medical Center."

10. At all times relevant to this Complaint, the Louis Stokes Cleveland VA Medical Center held themselves out to the Plaintiff and eligible beneficiaries as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

11. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

## JURISDICTION AND VENUE

12. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

13. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of, the acts and omissions forming the basis of these claims occurred in the Northern District of Ohio.

## FACTUAL ALLEGATIONS

14. On or about July 9, 2016, following complaints of fatigue to his primary care physician at the VA Community Based Outpatient Clinic in Canton, Ohio, Mr. Boggs received a diagnosis of iron deficiency anemia. As a result of his diagnosis, his physician ordered a fecal occult blood test in order to determine whether the anemia was caused by a gastrointestinal (GI) bleed.

15. On or about July 28, 2016 the results of Mr. Boggs' fecal occult blood test returned positive for blood found in his stool. He was subsequently referred to the gastroenterology service at the Louis Stokes Cleveland VA Medical Center.

16. Upon information and belief, the preeminent sign of GI tract cancer is bleeding, followed by anemia.

17. On or about August 4, 2016 Mr. Boogs was seen by the gastroenterology service at the Louis Stokes Cleveland VA Medical Center, where he was advised to undergo a

colonoscopy and esophagogastroduodenoscopy (EGD) in order to determine the source of the GI bleed.

18. On or about August 16, 2016 Plaintiff underwent both the colonoscopy and EGD, during which several biopsies – of the duodenum, stomach, and esophagus – were taken. The source of the bleed was not identified during these procedures.

19. Despite failing to determine the source of Mr. Boggs' GI bleed and his resulting iron deficiency anemia, Louis Stokes Cleveland VA Medical Center staff advised Mr. Boggs, via letter on September 5, 2016, that he did not require any further screening for ten (10) years, which violated the standard of care given Mr. Bogg's active GI bleed of unknown origin and significant iron deficiency anemia.

20. On or about September 20, 2016 Mr. Boggs was advised by Louis Stokes Cleveland VA Medical Center to follow up with its GI service "PRN" (as needed), which violated the standard of care given Mr. Bogg's active Gi bleed of unknown origin and significant iron deficiency anemia.

21. Additional investigatory steps, which were required by the standard of care, such as further radiologic examination, lab testing, and diagnostic studies, were not pursued by the Louis Stokes Cleveland VA Medical Center.

22. In the year following, Mr. Boggs continued to suffer with severe effects of iron deficiency anemia caused by a GI bleed, as evidenced by repeated lab results indicating low iron and low hemoglobin that necessitated iron infusions and blood transfusions.

23. In late 2017 and early 2018 the Louis Stokes VA Medical Center finally began performing additional diagnostic studies, as Mr. Bogg's condition continued to decline.

24. Finally, early 2018 the Louis Stokes VA Medical Center performed the appropriate and necessary tests and determined the source of his GI bleed and resulting iron deficiency anemia – an 8cm lobular mass at the jejunum of Mr. Boggs' small bowel, which was discovered on or about April 4, 2018.

25. Pathology results determined the tumor to be a GI stromal tumor with a mitotic rate of 19/5mm2, assessed as a high risk, stage pT3.

26. Upon information and belief, a GI stromal tumor of such size and mitotic rate indicates that the tumor has gone undetected for a considerable period of time.

27. Upon information and belief, a GI stromal tumor of such size and mitotic rate presents a significant risk for recurrence and/or metastases, even with aggressive treatment.

28. As a result of the Louis Stokes Cleveland VA Medical Center's negligence, Mr. Boggs suffered a delay in diagnosis of a cancerous tumor, which allowed the tumor to advance in size and mitotic rate, significantly increasing the risk of recurrence and metastases.

29. As a result of the size and mitotic rate of the tumor, Mr. Boggs required a more invasive surgical procedure to address the tumor, a larger chemotherapy burden to treat the cancer, and a worse prognosis than he would have with earlier diagnosis all of which, in turn, caused more pain, suffering, and mental anguish than he otherwise would have endured.

30. Mr. Boggs continues to receive treatment for his condition and will continue to do so indefinitely.

31. As a result of his delayed diagnoses and aggressive treatment requirements, Mr. Boggs has been unable to work and has lost his source of income.

32. Additionally, Mr. Boggs has endured significant mental and emotional distress and trauma as a result of his delayed diagnoses.

**CAUSE OF ACTION – COUNT I - NEGLIGENCE**

33. Plaintiff Boggs realleges and reincorporates each and every allegation above as if fully set forth herein.

34. Plaintiff Boggs states that the medical care and treatment rendered to him by the directors, officers, operators, administrators, employees, agents, and staff of the Defendant was negligent and below the accepted standards of medical care.

35. The directors, officers, operators, administrators, employees, agents, and staff of the Defendant, by their by the joint, combined, and concurrent acts and/or omissions, negligently failed to provide Plaintiff with competent, safe, and acceptable medical care and treatment. The Defendant's negligence included, but was not limited, the failure to order and perform the appropriate follow-up treatment and diagnostic procedures to determine the nature and extent of Plaintiff's condition, the failure to timely diagnose and address the source of Plaintiff's GI bleed and iron deficiency anemia, and the failure to timely diagnose and address cancer, which resulted in further injury.

36. The officers, agents, and/or employees of the Defendant negligently failed to follow the customary and usual skills and procedures in regular use by members of the medical community. The Defendant's negligence included, but was not limited to, the failure to order and perform the appropriate follow-up treatment and diagnostic procedures to determine the nature and extent of Plaintiff's condition, the failure to timely diagnose and address the source

6

of Plaintiff's GI bleed and iron deficiency anemia, and the failure to timely diagnose and address cancer, which resulted in further injury.

37. The officers, agents, and/or employees of the Defendant negligently failed to exercise the degree of care and skill ordinarily employed by members of their profession in the same line of practice of specialty. The Defendant's negligence included, but was not limited to, the failure to order and perform the appropriate follow-up treatment and diagnostic procedures to determine the nature and extent of Plaintiff's condition, the failure to timely diagnose and address the source of Plaintiff's GI bleed and iron deficiency anemia, and the failure to timely diagnose and address cancer, which resulted in further injury.

38. As a direct and proximate result of the negligence of the Defendant, Plaintiff Boggs suffered severe and permanent injuries, was denied effective medical, nursing, and related health care services, and experienced much pain, suffering, and mental anguish and emotional distress and will continue to do so into the indefinite future.

39. As a direct and proximate result of the negligence of the Defendant, Plaintiff Boggs required medical treatment that he otherwise would not reasonably have required, whereby he incurred medical expenses and will continue to incur such expenses into the indefinite future.

40. As a direct and proximate result of the negligence of the Defendant, Plaintiff Boggs has sustained a loss of income and an impaired earning capacity and will continue to incur such losses into the indefinite future.

41. As a direct and proximate result of the negligence of the Defendant, Plaintiff Boggs has been unable to perform the usual functions that give him pleasure and will continue to be unable to do so into the indefinite future.

42. As a direct and proximate result of the negligence of the Defendant, Plaintiff Boggs has lost any chance of successful treatment to alter his prognosis, and has sustained an increased risk of harm, a reduced chance of survival, and a reduced life expectancy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Scott Boggs demands judgment against the Defendant as follows:

1) Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life in the amount of $10,000,000; and

2) Costs and attorney fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully submitted,

SHAPERO & ROLOFF CO., L.P.A.

*/s/ Abby L. Botnick*
NEAL E. SHAPERO (0009426)
ABBY L. BOTNICK (0078370)
Attorneys for Plaintiffs
1350 Euclid Avenue, Suite 1550
Cleveland, OH 44115
(216) 781-1700
(216) 781-1972 Fax
nshapero@shaperoroloff.com
abotnick@shaperoroloff.com